UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Cr. No 07-10023-01 |
| | * | |
| | * | 18 U.S.C. §111 |
| VERSUS | * | (Assault of Government Employee) |
| | * | |
| | * | JUDGE DRELL |
| SHANE McMILLAN | * | MAGISTRATE JUDGE KIRK |

GOVERNMENT'S TRIAL BRIEF

NOW INTO COURT, through the undersigned Assistant United States Attorney, comes the United States of America, which respectfully submits its trial brief.

**I.   Introduction**

The defendant is before the court having been indicted for Assaulting a Government Employee in violation of 18 U.S.C. § 111.

**II.   Factual Background**

SHANE McMILLAN, the defendant, is a prison inmate at United States Penitentiary, Pollock, Louisiana (hereinafter Pollock). The defendant is presently serving a 292 month federal sentence for conspiracy to distribute methamphetamine. The defendant's present release date is February 13, 2024.

On or about October 24, 2006, at approximately 6:30 p.m., an officer at Pollock discovered an inmate with injuries consistent with being a victim of an assault. Officers reviewed surveillance video footage to confirm the assault and to identify the perpetrators.

Pollock officials determined that the defendant was one of the perpetrators involved in the assault.

Approximately 30 minutes later, Officer John Bacon along with other Pollock officers approached the defendant and another inmate in the yard to detain them.  When Officer Bacon approached the defendant, he saw the defendant pass to the other inmate a belt with a padlock attached to it.  Officer Bacon was aware that the belt with the attached padlock can be used as a weapon.  Officer Bacon then approached the other inmate and retrieved the belt.  Moments later while Officer Bacon back was turned, the defendant struck Officer Bacon on the left side of his face.  Officer Bacon fell to the ground from the force of the blow.

Other officers immediately forced the defendant to the ground, apprehended, and detained him.  Officer Bacon sustained facial lacerations and bruising to his nose.  He was treated at the Pollock infirmary and a local hospital.

Due to camera angles, the assault of the Corrections Officer was not captured on Pollock's video surveillance system.

**III.   Discovery**

The government has complied with its discovery obligations under Fed. R. Crim. Proc. 16.  The government has provided defense counsel the investigative reports and other case related documents.  The government has also afforded the defense an opportunity to inspect the physical evidence recovered.  The government is not aware of any <u>Brady</u> material regarding this case.

**IV.     Elements of the Offense**

Assault of a Federal Employee/Officer is covered under Fifth Circuit Criminal Pattern Jury Instruction, No. 2.09.  No changes or modifications are warranted.

**V.      Evidentiary Issues**

    A.     <u>Justification Defense</u>

Following the assault, the defendant denied to Pollock officials that he assaulted Officer Bacon.  Based on this blanket denial, a justification defense does not follow.  However, since a defendant may assert inconsistent defenses, the government below briefs the justification defense.

The justification defense involves four elements that the defendant must prove by preponderance of the evidence:

> (1) that the defendant was under an unlawful and "present, imminent, and impending [threat] of such a nature as to induce a well-grounded apprehension of death or serious bodily injury";
> (2) that defendant had not "recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose the criminal conduct]";
> (3) that defendant had no "reasonable legal alternative to violating the law; a chance both to refuse to do the criminal act and also to avoid the threatened harm"; and
> (4) "that a direct causal relationship may be reasonably anticipated between the [criminal] action taken and the avoidance of the [threatened] harm."

See <u>Posada-Rios</u>, 158 F.3d at 873; <u>United States v. Willis</u>, 38 F.3d 170, 174 (5th Cir. 1994); <u>United States v. Liu</u>, 960 F.2d 449, 453 (1992); <u>United States v. Harper</u>, 802 F.2d 115, 117, (5th Cir. 1986), <u>United States v. Gant</u>, 691 F.2d 1159, 1162-63 (5th Cir. 1982).

3

The assault in this case was not justified. The evidence in this case does not meet any of the elements of justification.

    B.    <u>Prior Convictions</u>

The government does not intend to elicit the defendant's prior convictions from witnesses during its case-in-chief. However, if the defendant testifies, the government will cross-examine the defendant regarding his felony convictions, and, if any, misdemeanor convictions involving dishonesty and or fraud to impeach the defendant's credibility pursuant to Fed. R. Evid. 609.

## VI. Trial Length

The facts in this case are relatively straightforward and uncomplicated. The government anticipates it should take no longer than a day to present its case-in-chief .

## VII. Defendant's Clothing

The government requests the court issue a clothing order wherein the defendant be provided civilian clothing appropriate for court. The standard prison garb is potentially unduly prejudicial.

**VIII.  Conclusion**

The foregoing is a summary of issues the government expects may arise a trial.  If any legal issues arise that are not covered by this filing, the government respectfully requests the right to address those issues at the appropriate juncture.

        Respectfully submitted,

        DONALD W. WASHINGTON
        UNITED STATES ATTORNEY

        /s/ EARL M. CAMPBELL
By: EARL M. CAMPBELL, #2490
        Assistant United States Attorney
        300 Fannin Street, Suite 3201
        Shreveport, Louisiana 71101-3068
        (318) 676-3600

### CERTIFICATE OF SERVICE

I certify that I have mailed a copy of the foregoing Government's Trial Brief to defense counsel of record, Mr. Gordon Blackman, Esq.

        /s/ EARL M. CAMPBELL
        EARL M. CAMPBELL
        Assistant United States Attorney